Wyman v. Gould.

## PETER WYMAN *versus* MOSES M. GOULD.

A compound question propounded to a witness, one part being admissible, and the remainder inadmissible, may be rightfully excluded as a whole.

An *expert* only can be permitted to state how a party "appeared," in respect to soundness or unsoundness of mind.

A party showing no title cannot impeach that of his opponent by proving a want of consideration.

REPLEVIN for a cow. The plaintiff held a bill of sale from James Millay, dated Jan. 17, 1855, of certain stock, including "one two year old heifer, red," &c. The heifer remained in the possession of Millay, and, in the winter of 1856, was placed by Millay in the care of one Phillips. Whilst in his care, the defendant came to him with an order signed by Millay for a heifer. After looking at one or two others, he selected the red heifer, and, although Phillips remonstrated, drove her away. Thereupon the plaintiff brought this suit.

On the trial, various testimony was adduced. M. W. Norton testified that he saw Millay on the 16th of January, 1855. The defendant asked the witness,—"How did Millay appear on the 16th of January? State any facts tending to show the state of his mind as to soundness." The plaintiff objected to this question, and the Court excluded it.

James Millay testified that he signed a bill of sale to the plaintiff in January, 1855. The defendant asked,—"Did you receive any money from the plaintiff for the stock embraced in the bill of sale of January 17th, 1855, or any other payment?" This question was objected to by the plaintiff, and excluded by the Court.

The case was submitted to the Court on the evidence, with leave to either party to except. The Court rendered judgment for the plaintiff for one cent damages and costs. The defendant filed exceptions.

*J. H. Webster,* for the defendant, argued that evidence of the unsoundness of Millay's mind on January 16th, 1855, was important, and should have been admitted.

The defendant stands in the place of Millay, and testimony as to the consideration of the contract with the plaintiff should not have been excluded. *Folsom* v. *Muzzy*, 8 Maine, 400; *Barker* v. *Prentiss*, 6 Mass., 450; *Storer* v. *Logan*, 9 Mass., 55; *Davenport* v. *Mason*, 15 Mass., 85.

*J. S. Abbott*, for the plaintiff, contended that the question put to Norton was properly excluded, for the reasons, that it does not appear that Norton saw Millay on or about the day when the bill of sale was made; that Norton, not being an expert, could not give an opinion as to how Millay appeared, whether of sound or unsound mind; that the question of his soundness on that day was not material, Millay having at other times declared that he had sold the stock to the plaintiff; and that the defendant shows no title to the cow or right to take her from Phillips.

The question put to Millay, and excluded, was of no importance on this trial, as the defendant is not a creditor nor even a subsequent vendee. If there was no consideration for the bill of sale, and it was a fraud upon the creditors of Millay, the defendant is not in a position to avail himself of the fact in defence to this action.

The opinion of the Court was drawn up by

CUTTING, J.—Both parties claim the property in controversy, under one James Millay; the plaintiff, by a bill of sale, dated January 17th, 1855, and prior to the claim of the defendant. One Norton having testified,—"I saw Millay, I think, 16th January," was asked by defendant's counsel, "How did Millay appear on the 16th January? State any facts tending to show the state of his mind as to soundness." This question, on objection, was excluded by the Judge. And, in our opinion, correctly. It was either a compound question, or a simple question accompanied by a command. If the former, one component being admissible and the other not, both may be excluded. If the latter, the question *only* is objected to, and is one which could not properly be put except to an expert.

In relation to the exclusion of the second question, it cannot be pretended that the defendant's title was such as to enable him to impeach that of the plaintiff by showing a want of consideration. *Exceptions overruled.*

TENNEY, C. J., and RICE, MAY, and GOODENOW, JJ., concurred.